NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QIANG QI LING,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROY L. HENDRICKS,<br><br>　　　　Respondents. | Civil Action No. 13-6605 (WJM)<br><br>OPINION |

**APPEARANCES**:

　　QIANG QI LING, A 072-496-696
　　Essex County Correctional Facility
　　354 Doremus Avenue
　　Newark, New Jersey 07105
　　Petitioner *Pro Se*

**MARTINI, District Judge**:

　　Qiang Qi Ling filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging his post-removal-period detention at Essex County Correctional Facility, where he is being held in the custody of the Department of Homeland Security ("DHS"). Although the government has detained Mr. Ling beyond the six-month presumptively reasonable period of post-removal-period detention (which expired on September 19, 2013), this Court is constrained to dismiss the Petition because it does not allege facts showing that there is "good reason to believe that there is no significant likelihood of removal [to China] in the reasonably foreseeable future," *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), or that Mr. Ling's detention is otherwise in violation of federal law. The dismissal is without prejudice to the filing of a new § 2241 petition (in a new

case), in the event that Mr. Ling can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## I. BACKGROUND

Qiang Qi Ling alleges that an Immigration Judge ordered his removal in 1998. He asserts that DHS took him into custody on March 19, 2013. Using, a § 2241 form, he contends that he is being confined in violation of the Constitution, laws, or treaties of the United States on the following grounds: (1) his detention violates *Zadvydas v. Davis* because he has been detained for over six months and he has cooperated fully with efforts to remove him, "[y]et they have been unable to do so" (Petition, ECF No. 1 at 7); (2) he has not received a constitutionally adequate hearing to determine his custody and "ICE has not shown any reasonable evidence that would evince an impending travel document will be produced within the reasonably foreseeable future," *id.*; (3) the government has "not shown cause why [his] detention past the presumptive six month period is constitutionally fair or just[, e]specially in a case where an alien has not been identified as a national of the designated country," and the Court should order the government "to show cause why [his] detention has exceeded the presumptive six month period," since "aliens in [his] situation are usually punished with prolonged detention, only to be released on ICE supervision later[, which conduct] violates due process," *id.*; and (4) Petitioner is "entitled to relief under *Zadvydas v. Davis* because the government of [his] alleged country of origin has declined to furnish a travel document on [his] behalf[, and he] do[es] not foresee a change in the near future," *id.* Mr. Ling asks this Court to order respondents to show why his detention is still lawful and to order his release under supervision. *Id.*, ECF No. 1 at 8.

2

Mr. Ling attached to the Petition two decisions issued by DHS to continue his detention. The first Decision to Continue Detention was signed by Walter M. Ingram on a date that is illegible. (Petition, Attachment, ECF No. 1 at 10.) This decision advises Mr. Ling that immigration officials have reviewed his custody status and determined that he will not be released from custody. The decision states: Mr. Ling is a native and citizen of China who entered the United States on February 23, 1993, as a parolee and was released on his own recognizance on March 1, 1993; on August 12, 1993, an Immigration Judge ordered his exclusion from the United States in absentia under #A072 496 696; on August 23, 1996, immigration officials encountered him in New York City under the name of LAM, Kei Ceng, A73 051 645, issued a notice to appear, and released him on his own recognizance; on March 4, 1998, an Immigration Judge ordered him removed under #A73 051 645; he has been convicted of sexual misconduct and theft. *Id.* The decision further states that immigration officials are "working with the government of China to procure a travel document for your return. Your removal to China is expected to occur in the reasonably foreseeable future; therefore[,] you are to remain in [immigration] custody at this time." *Id.*

The second Decision to Continue Detention was signed by John Tsoukaris, Field Office Director, on June 15, 2013. (Petition, Attachment, ECF No. 1 at 11-12.) This decision essentially recites the same facts as the other decision, but also contains the following:

> Records indicate that you have been convicted of two offenses including Theft and Sexual Misconduct. Due to the nature and scope of your criminal history, it appears you would pose a danger to the community if released from [immigration] custody at this time. In addition, [immigration] is working with the Consulate General of China on obtaining a travel document to facilitate your removal.

(Petition, Attachment, ECF No. 1 at 11.)

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

B. Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C. Legality of Detention

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then §

1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide in the petition good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

In this case, immigration judges ordered Ling's removal in 1993 under # A072 496 696 and again ordered his removal in 1998 under #A073 051 645. Ling does not assert that he appealed to the Board of Immigration Appeals or filed a petition for review in the appropriate Court of Appeals. Since he was taken into DHS custody on March 19, 2013, the six-month presumptively reasonable period of post-removal-period detention expired on September 19, 2013. However, the *Zadvydas* Court emphasized that "[t]his 6-month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable.

Ling asserts in the Petition that he has been detained for more than six months, that China has declined to issue a travel document, and that DHS "has not shown any reasonable evidence that would evince an impending travel document will be produced within the reasonably foreseeable future." (Petition, ECF No. 1 at 7.) However, these allegations are not sufficient to support his conclusion that his removal is not reasonably foreseeable and, under these circumstances, *Zadvydas* does not require DHS to respond by showing that removal is foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 F.App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation

7

and internal quotation marks omitted). Because Ling has not asserted facts showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, his detention is authorized by § 1231(a)(6).

Ling also argues that DHS violated due process by failing to give him a hearing and by punishing him with detention beyond six months without showing that his removal is foreseeable. Ling's procedural and substantive due process claims lack merit. *Zadvydas* does not require a hearing or release unless the non-citizen has been detained beyond the presumptively reasonable six month period *and* he provides good reason that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701; *cf. Wilson v. Hendricks*, Civ. No. 7315 (KM), 2013 WL 324743 at *2 (D.N.J. Jan. 25, 2013) ("The U.S. Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time.").[1]

Finally, to the extent that Ling argues that DHS failed to comply with regulations pertaining to the custody review process, *see* 8 C.F.R. §§ 241.4, 241.13, this claim will be dismissed without prejudice. Because the Petition does not specify how the custody reviews violated the regulations, Ling has not pled sufficient facts to avoid summary dismissal of this claim.[2] *See United States v. Thomas*, 221 F.3d at 437-438 (habeas claim supported by vague and conclusory allegations may be summarily dismissed without further investigation).

---

[1] This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."

[2] Notably, the regulations pertaining to post-removal-period custody reviews do not require a hearing or an interview prior to the issuance of a decision. *See* 8 C.F.R. §§ 241.4(h)(1), 241.13(e), (f), (g); *cf. Diouf*, 634 F.3d at 1091-92 & n.12.

The instant Petition must be dismissed because Ling "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future,'" *Encarnacion-Mendez v. Attorney General of U.S.*, 176 F.App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see, e.g., Joseph v. United States*, 127 F.App'x 79, 81 (3d Cir. 2005) ( "Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here."); *Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Mr. Ling can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[3]

---

[3] Alternatively, if Mr. Ling has reason to believe that his removal in the reasonably foreseeable future is not likely, he may at any time ask DHS to review his detention and he may submit written documentation supporting his request. *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to [DHS] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to [DHS] he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.")

### III.   CONCLUSION

For the foregoing reasons, this Court will dismiss the Petition.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: November 15, 2013